This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RITA ARMIJO, KRISTINA HERRERA, and ANTHONY HERRERA,**

Plaintiffs-Appellants,

v.                                                            **NO. A-1-CA-35226**

**JOSEPH WOODS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Dory-Garduño Law Firm, LLC
James E. Dory
Rio Rancho, NM

for Appellants

Law Offices of Brad L. Hays, LLC
Brad L. Hays
Rio Rancho, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Plaintiffs filed a complaint seeking "a declaratory judgment declaring that the easement between their property and Defendant's violates public policy and is invalid, void, and vacated[.]" Following a two-day bench trial at which the parties presented evidence regarding the intended purpose and historic use of the easement, the district court concluded that Defendant's property "has a valid, enforceable, recorded easement for Defendant's benefit of side use and drainage located on Plaintiffs' [property,]" that "Defendant's use [of the easement area] has a reasonable relationship to the side yard use and does not exceed, in any regard, Defendant's rights under the Grant of Easement[,]" and that Plaintiffs' requested declarations to the contrary should therefore be denied. The district court thus entered judgment in favor of Defendant and dismissed with prejudice Plaintiffs' complaint for declaratory relief in its entirety. Plaintiffs appealed.

{2} We have carefully reviewed the record, including the Grant of Easement at issue, the transcripts of the proceedings, the district court's findings of fact and conclusions of law as well as its judgment, and the parties' briefs. Having done so, we conclude that the issues presented by Plaintiffs—(1) whether the district court erred by failing to conclude that the easement violates public policy because the easement (a) provides no legitimate drainage or maintenance benefits to Defendant's property, and/or (b) lacks a rational justification, and (2) whether the district court erred by

2

failing to conclude that Defendant's use of his easement exceeds the scope of his right under the Grant—are manifestly without merit, namely because Plaintiffs have wholly misconstrued the plain language of the Grant of Easement. We, therefore, affirm the district court's judgment and only briefly explain. *See* Rule 12-405(B)(5) NMRA (providing that appellate courts may dispose of a case by non-precedential order, decision or memorandum opinion under certain circumstances, including where the "issues presented are manifestly without merit").

The pertinent provision of the Grant of Easement provides:

> The dominant tenement shall have the right to use the easement area and shall be responsible for the installation, repair and maintenance of any improvements therein. The servient tenant shall have access within the easement area only for the limited purpose of maintenance of improvements on the servient lot. Drainage flows within the easement cannot be impeded by either tenement.

Plaintiffs' entire argument rests on their misinterpretation of this provision, particularly the phrase "the right to use the easement area[,]" which Plaintiffs incorrectly assert does not establish what they describe as "a general usage right." According to Plaintiffs, the explicit purposes of the easement, and therefore the only allowable uses thereof, are limited to two things: "maintenance and drainage." Plaintiffs contend that "[t]he 'right to use' language permits . . . Defendant to enter . . . Plaintiffs' property to maintain his improvements, but it is not a general usage right." Plaintiffs further contend that "[t]he 'right to use' is tied to the maintenance purpose

3

of the easement at issue. It is not a specific or particular standalone purpose." Plaintiffs also argue that the purposes for which Defendant uses the easement—"storage and the planting and maintaining of vegetation"—"are not permitted in the terms of the Grant of Easement." Plaintiffs base this argument on their reading of the "narrow scope of the easement's explicit drainage and maintenance purposes" and also point to Defendant's admission that "storage" and "planting rights" are not expressly stated as permitted "uses" in the easement to support their argument that Defendant's use of the property is not allowed. Plaintiff's arguments and strained construction of the easement are unavailing.

{3} By the express language of the easement, it is the *servient* tenement, i.e., Plaintiffs' property, not the *dominant* tenenment, i.e., Defendant's property, that is restricted to using the easement area "for the limited purpose of maintenance of improvements" on Plaintiffs' lot. No part of the easement can be construed as restricting the dominant tenement's "right to use the easement area" as a right to use the easement only to maintain improvements or provide drainage for the dominant tenement as Plaintiffs contend. In fact, Plaintiffs' construction completely ignores that the easement both (1) generally creates in the dominant tenement "the right to use the easement area" and (2) provides that the dominant tenement "shall be responsible for the *installation*, repair and maintenance *of any improvements therein*." (Emphasis

4

added.) This latter provision clearly contemplates that the dominant tenement's "right to use the easement area" encompasses more than a right to merely maintain improvements or provide a drainage benefit to Defendant's property; it expressly provides that the dominant tenement may install improvements, further supporting a construction of the "right to use the easement area" as creating more than the narrow, limited rights of maintenance and drainage that Plaintiffs contend. As such, Plaintiffs' arguments that the easement violates public policy because the easement is "illegitimate and arbitrary" necessarily fail because those arguments rest on what we conclude is Plaintiffs' incorrect reading of the Grant.

{4} Moreover, it is of absolutely no consequence that Defendant conceded that "storage" and "planting" are not expressly identified as permitted uses of the easement area in the Grant of Easement. By its plain language, the Grant of Easement contains no restrictions as to the dominant tenement's "right to use the easement area" other than that any use may not result in the impediment of drainage flows. As the district court found, "[w]hile the Grant of Easement does not specifically permit the placement or storage of items within the [e]asement, it does not specifically forbid such placement or storage." The district court further found that "[t]he incidental and temporary items existing in the [e]asement are not . . . an unreasonable use" and that "[t]he side use by Defendant is an extension of Defendant's backyard and a well-

5

maintained garden which is a reasonable side use as intended by the Grant of Easement." Plaintiffs provide no basis for disturbing any of these findings.

{5}    Finally, as to whether there was any evidence that Defendant's use of the easement resulted in impermissible impediment of drainage flows, the district court made two findings:

> 31.    Plaintiffs' expert witness on the issue of drainage testified that the nectarine tree 'could' impede drainage flows within the [e]asement. The expert did not testify that he observed any evidence that drainage was, in fact, impeded.

> 32.    No witness testified that drainage from Plaintiffs' [p]roperty was ever impeded by the nectarine tree or any other vegetation or object located in the [e]asement.

Plaintiffs attack both findings, though they develop an argument only as to Finding No. 31. As to that finding, Plaintiffs argue that the district court erred in making it because the expert "twice concluded in his testimony that the tree in the easement represented an obstruction" and because, according to Plaintiffs, "[a]n obstruction is an impediment." As an initial matter, we note that the district court was not required to accept Plaintiffs' expert's opinion as to whether the tree itself constituted an "obstruction." *See Van Orman v. Nelson*, 1967-NMSC-069, ¶ 62, 78 N.M. 11, 427 P.2d 896 ("The fact[-]finder may reject expert opinion evidence in whole or in part."). That is particularly so in this case because the relevant issue is not whether there were any "obstructions" in the easement but rather whether those "obstructions" or any use

of the easement impeded drainage flows. As to that issue, Plaintiffs' expert conceded that he "didn't investigate [Plaintiffs'] drainage[,]" even stating that he was "not sure where [Plaintiffs'] drainage actually goes to" and admitting that "[n]obody's told me anything about any flooding in that—in that easement." In light of this, and because Plaintiffs' sufficiency challenge effectively asks us to do what we have often stated we will not do—reweigh the evidence and substitute our judgment for that of the fact-finder, *see N.M. Taxation & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436—we conclude that there is no error in the challenged aspects of the district court's judgment, much less reversible error.

**CONCLUSION**

{6}     For the foregoing reasons, we affirm.

{7}     **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**JULIE J. VARGAS, Judge**